UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61541-CV-RUIZ
(16-60300-CR-ZLOCH)
MAGISTRATE JUDGE REID

TIMOTHY TAFFE,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Before the Court is Movant Timothy Taffe's Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his conviction or sentence following a guilty plea in Case No. 16-60300-CR-ZLOCH. [ECF No. 1].[1] This matter was referred to the Undersigned for consideration and report on dispositive matters pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the following reasons, the Motion should be **DISMISSED** as time-barred.

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

## II. Pertinent Procedural Background

Movant was convicted of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b). [CR ECF Nos. 32, 51]. Although he appealed, the U.S. Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on December 5, 2017. [CR ECF No. 55]. Movant did not file a petition for writ of certiorari. The instant Motion was filed on July 14, 2020. [ECF No. 1].[2]

## III. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits the time in which a defendant may file a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Absent evidence to the contrary, *pro se* prisoners presumptively deliver their filings to prison authorities on the date of signing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). And the date of delivery is treated as the date of filing. *Id.*

2

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### *i. Section 2255(f)(1)*

Under § 2255(f)(1), Movant was required to file a § 2255 motion within one year from the time the judgment of conviction became final. The term "final" for purposes of § 2255 means when either (1) the time to continue seeking direct appeal expires, or (2) when the Supreme Court of the United States denies a petition for certiorari or affirms. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari or when the time for filing a certiorari petition expires."); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (same).

The first category applies in this case. According to Rule 13 of the Supreme Court Rules, if a defendant seeks an appeal in the United States Court of Appeals and seeks further review in the Supreme Court of the United States, the time to file a petition for writ of certiorari expires "90 days after entry of the judgment."

Here, when the Eleventh Circuit affirmed his conviction and sentence on December 5, 2017, he had 90 days in which to petition for a writ of certiorari in the

Supreme Court. When he did not seek certiorari, his conviction and sentence became final on March 5, 2018 (*i.e.*, 90 days after the Eleventh Circuit's judgment).

Thus, his deadline to file a motion to vacate his conviction or sentence under § 2255(f)(1) expired one year later on March 5, 2019. *See, e.g.*, *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (detailing the "anniversary method").

Movant filed his motion to vacate on June 15, 2020. [ECF No. 1]. Accordingly, because the Motion was filed well after March 5, 2019, the Motion is untimely under § 2255(f)(1).

### *ii. Section 2255(f)(2)*

Alternatively, pursuant to § 2255(f)(2), the limitations period may commence from the date on which an impediment to filing, created by the government, is removed. *See, e.g.*, *Atkins v. United States*, 204 F. 3d 1086, 1090 (11th Cir. 2000). However, Movant does not rely on any such impediment.

### *iii. Section 2255(f)(3)*

Alternatively, pursuant to 28 U.S.C. § 2255(f)(3), a § 2255 motion is timely if filed within a year from the issuance of a newly-recognized constitutional right pursuant to a United States Supreme Court case, if that case has been made retroactively applicable on collateral review. Because Movant does not rely on a new case, his Motion is not timely under § 2255(f)(3).

### *iv. Section 2255(f)(4)*

Movant also does not rely upon newly discovered facts, under § 2255(f)(4), which may have extended the filing deadline. No such newly discovered facts were raised. Therefore, § 2255(f)(4) also does not apply.

### v. Equitable Tolling

Finally, the filing deadline could be equitably tolled "only if [Movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted); *see also Diaz v. Sec'y, Fla Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (characterizing the equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence."). Movant has not relied upon any such obstacle. He merely requests an extension of time of his already late Motion without an explanation for the delay.

### vi. Actual Innocence

Actual innocence may sometimes serve to overcome a procedural bar caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013). To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

5

"Actual innocence claims must [] be supported 'with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (quoting *Schlup*, 513 U.S. at 324 (1995)). Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327.

Here, Movant has not relied upon any new evidence of actual innocence. The Motion is, therefore, time-barred.

## IV. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263.

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient to resolve this case.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal,

but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1);

*Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Where a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong in order to merit a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability.

## VI. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DISMISSED** as time-barred. [ECF No. 1]. Additionally, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 6th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Timothy E. Taffe
       14092-104
       Butner Low
       Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 999
       Butner, NC 27509
       PRO SE

       Noticing 2255 US Attorney
       Email: usafls-2255@usdoj.gov